ACCEPTED
03-14-00117-CV
5824511
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/25/2015 2:15:56 PM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00117-CV

| | | |
|---|---|---|
| **NASH JESUS GONZALES and** | § | **IN THE COURT OF APPEALS** |
| **GONZALES & GONZALES, P.C.,** | § | 3rd COURT OF APPEALS AUSTIN, TEXAS |
| **Appellants** | § | |
| **V.** | § | **THIRD JUDICIAL DISTRICT** |
| | § | 6/25/2015 2:15:56 PM JEFFREY D. KYLE Clerk |
| **MARISSA ANN GONZALES** | § | |
| **Appellee** | § | **AUSTIN, TEXAS** |

### APPELLEE MARISSA ANN GONZALES' MOTION TO DISMISS

TO THE HONORABLE COURT:

COMES NOW Appellee Marissa Ann Gonzales, and files her Motion to Dismiss and respectfully shows the Court as follows:

## I.
## INTRODUCTION

This case involves an appeal of an underlying divorce and child custody suit. Pending simultaneously with this appeal is an action filed by Appellant Nash Gonzales to modify the divorce decree at issue in this Appeal. Appellee seeks dismissal of this appeal because the relief sought by Appellant in the simultaneously pending action to modify the parent-child relationship is directly contrary to the relief sought by Appellant in this appeal, thereby making the issue in this controversy moot and divesting this Court of its jurisdiction over the issue in controversy. Without a controversy to decide, any opinion would be advisory in nature. Accordingly, dismissal is proper.

Page 1

## II.
## FACTUAL BACKGROUND AND BASIS FOR MOTION

As noted in Appellee's Brief, this is an appeal of a divorce action to terminate the marriage of Nash Gonzales and Marissa Ann Gonzales and child custody suit involving their two children. The issues concerning conservatorship of the children and any geographic restriction on the location of their primary residence was determined by a jury. See Appellee's Brief at P. 2. Marissa requested that she be named as sole managing conservator with the right to designate the children's primary residence with no geographic restriction. *Id.* Nash requested that the parties be named joint managing conservators and requested their primary residence be restricted to Travis County. *Id.*

After an almost two week trial, the jury determined that the parties should be named as joint managing conservators, giving Marissa the right to designate the children's primary residence and that the primary residence was restricted to the State of Texas. *Id.* The jury's findings were incorporated into the trial court's final order dated December 9, 2013. *Id.*

Nash filed this appeal complaining of, among other things, the jury's failure to restrict the children's primary residence to Travis County or New York on the basis that the evidence was legally and factually insufficient to support a finding that the children's residence should be restricted to the State of Texas. According

to Nash, the evidence at trial supported only a restriction to either New York or Travis County, Texas. As noted in her brief, Marissa, her children and Nash all currently live in Collin County, Texas. See Appellee's Brief at P. 6.

In addition to this appeal, Appellant Nash Gonzales recently filed an action to modify the parent child relationship, such action being styled and numbered *In the Interest of B.N.G. and G.J.G. Children*; No. 401-56335-2014; 401st Judicial District Court of Collin County, Texas (the "Collin County Lawsuit"). In Nash's Amended Petition to Modify Parent-Child Relationship filed on May 21, 2015, Nash specifically pleads for and requests that the geographic restriction on the residency of the children be limited to Collin County, Texas. A true and correct copy of Nash's Amended Petition to Modify Parent-Child Relationship is attached hereto as Exhibit 1A.

As shown below, by requesting a residency restriction that is directly contrary to the relief sought in this appeal, any controversy regarding the jury's finding limiting the residency restriction to the State of Texas is moot and the Court of Appeals is divested of its jurisdiction, making a dismissal of Nash's complaint on appeal proper.

## II.
## ARGUMENT AND AUTHORITIES

Under article V, section 8 of the Texas Constitution, the "judicial power does not embrace the giving of advisory opinions." *The Gen. Land Office of the State of Texas v. Oxy U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990); *University Interscholastic League v. Buchanan*, 848 S.W.2d 298, 303 (Tex. App.—Austin 1993, no writ). "It is axiomatic that appellate courts do not decide cases in which no controversy exists between the parties." *Id.* Accordingly, if no controversy continues to exist between the parties, the appeal is moot and the cause must be dismissed. *Id.*

The relief requested in Nash's petition (that the geographic restriction be limited to Collin County) is directly contrary to the relief sought by this Court of Appeals. On one hand, Nash complains to this Court of the jury's finding restricting the geographic residency to the State of Texas (as opposed to Travis County or New York) and on the other hand seeks affirmative relief from the Collin County District Court to limit the geographic restriction to Collin County. Nash cannot have it both ways. By invoking the jurisdiction of Collin County District Court and seeking affirmative relief directly contrary to the relief sought by way of this appeal, there is no longer a controversy for the Court of Appeals to decide with regard to the geographic restriction of the children and such issue

should be dismissed as moot.

Alternatively, to the extent the Court of Appeals determines a controversy still exists with regard to the geographic residency restriction of the children, the decision of the Collin County District Court can potentially contradict the decision of this Court of Appeals. Therefore, alternatively, to the extent the Court of Appeals determines that dismissal is not proper, Appellee requests that this appeal be stayed pending the outcome of the Collin County Lawsuit so as to avoid conflicting judgments.

## III.
## CONCLUSION AND PRAYER

The relief requested by Appellant Nash Gonzales in the Collin County District Court contradicts the relief sought in this Court of Appeals, eliminates any controversy regarding the geographic restriction on the residency of the children and therefore divests this Court of jurisdiction over that issue. For the reasons discussed above, Appellee Marissa Ann Gonzales respectfully requests that the Court grant her Motion to Dismiss.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON, MCGARR,
KAMINSKI & SHIRLEY, LLP

_C. Wilson Shirley III_
C. Wilson Shirley III
State Bar No. 00795647
Jessica Marcoux Hall
State Bar No. 24046348
The Overlook at Gaines Ranch
4330 Gaines Ranch Loop, Suite 150
Austin, Texas 78735
512-347-1604 Phone
512-347-1676 Facsimile
Email:      wilson@ssjmlaw.com
Email:      jessica@ssjmlaw.com

**ATTORNEYS FOR APPELLEE**
**MARISSA ANN GONZALES**

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with Thomas Cowart, counsel for Appellants, by email on June 24, 2015 and he stated that he is opposed to this Motion to Dismiss.

_Jessica Marcoux Hall_
Jessica Marcoux Hall

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Motion for Substitution of Counsel has been served on the following via the Efile system on this 25th day of June, 2015:

Thomas B. Cowart                               *Via email: tom@tcowart.com*
WASOFF & COWART, PLLC
100 North Central Expressway, Suite 901
Richardson, Texas 75080

Jessica Marcoux Hall

| NASH JESUS GONZALES and | § | IN THE COURT OF APPEALS |
|---|---|---|
| GONZALES & GONZALES, P.C., | § | |
| Appellants | § | |
| V. | § | THIRD JUDICIAL DISTRICT |
| | § | |
| MARISSA ANN GONZALES | § | |
| Appellee | § | AUSTIN, TEXAS |

## AFFIDAVIT OF C. WILSON SHIRLEY III

STATE OF TEXAS      §
COUNTY OF TRAVIS      §

Before me, the undersigned Notary Public on this day personally appeared C. Wilson Shirley III, being duly sworn under oath, he stated as follows:

"My name is C. Wilson Shirley III. I am over the age of eighteen years and competent to make this affidavit. I am an attorney licensed to practice in the State of Texas. I am an attorney of record for Appellee Marissa Ann Gonzales. As an attorney of record, I have personal knowledge of the facts stated herein and they are true and correct.

Attached hereto as Exhibit "A" is a true and correct copy of Amended Petition to Modify Parent-Child Relationship which was filed on May 21, 2015 in the 401st Judicial District Court, Collin County, Texas."

Further affiant sayeth not.

_____
C. Wilson Shirley III

SWORN AND SUBSCRIBED before me this 24th day of June , 2015.

_____
Notary Public, State of Texas

> MARLA K. JONES
> Notary Public, State of Texas
> My Commission Expires
> February 11, 2019

Page 1

**EXHIBIT 1**

Exhibit

A

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

NO. 401-56335-2014

| | |
|---|---|
| IN THE INTEREST OF | IN THE DISTRICT COURT |
| B.N.G. AND G.J.G. | 401ST JUDICIAL DISTRICT |
| CHILDREN | COLLIN COUNTY. TEXAS |

## AMENDED PETITION TO MODIFY PARENT-CHILD RELATIONSHIP

*1. Discovery Level*

Discovery in this case is intended to be conducted under level 2 of Rule 190 of the Texas Rules of Civil Procedure.

*2. Parties and Order to Be Modified*

This amended suit to modify a prior order is brought by Nash Jesus Gonzales, Petitioner. The last three numbers of Nash Jesus Gonzales's driver's license number are ■■■. The last three numbers of Nash Jesus Gonzales's Social Security number are ■■■. Petitioner is the father of the children and has standing to bring this suit. The requested modification will be in the best interest of the children.

Respondent is Marissa Ann Maggio.

The order to be modified is entitled *Amended/Corrected Final Decree of Divorce* and was signed by the Court on December 9, 2013.

AMENDED PETITION TO MODIFY PARENT-CHILD RELATIONSHIP - Page 1

3. **Jurisdiction**

This Court has continuing, exclusive jurisdiction of this suit.

4. **Children**

The following children are the subject of this suit:

> Name: ████████████
> Sex:  Male
> Birth date: ██████
> County of residence: Collin County, Texas

> Name: ████████████
> Sex:  Male
> Birth date: ██████
> County of residence: Collin County, Texas

5. **Parties Affected**

The following parties may be affected by this suit:

> Name: Marissa Ann Maggio
> Relationship: Mother

Process should be served at ████████████████████████ or

wherever Respondent may be found.

6. **Children's Property**

<u>AMENDED PETITION TO MODIFY PARENT-CHILD RELATIONSHIP</u> - Page 2

There has been no change of consequence in the status of the children's property since the prior order was rendered.

7.   *Modification of Conservatorship, Possession and Access and Support*

The order to be modified is not based on a mediated or collaborative law settlement agreement. The circumstances of the children, a conservator, or other party affected by the order to be modified have materially and substantially changed since the date of rendition of the order to be modified.

The present living environment and conditions may endanger the physical health and education or significantly impair the emotional development of the children. The safety and welfare of the children are at risk. Tex. Fam. Code Ann. Sect. 105.001.

A.   Petitioner requests that the rights and duties of the respective conservators of the children be modified to provide as follows: The Petitioner shall be granted the exclusive right to determine the children's primary residence within Texas; or in the alternative, the Respondent shall be restricted to the geographical area within Collin County, Texas.

B.   Petitioner requests the following rights and duties with regard to the children as joint managing conservator: all educational, medical, dental, surgical, psychiatric, psychological rights and duties, duty of care, protection and reasonable

AMENDED PETITION TO MODIFY PARENT-CHILD RELATIONSHIP - Page 3

EXHIBIT 1A

discipline rights and duties, moral and religious training and development rights and duties, right to represent the children in any legal action or to make decisions of substantial legal significance, right to consent to marriage or enlistment in the US armed forces, right to services and earnings of the children subject to the Texas Family Code Section 264.0111, right to act as agent of the estate of the children, right to manage the estate of a child and the right to give receipt for periodic payments for the support of the children and to hold or disburse these funds for the benefit of the children.

C.    Petitioner requests the right to be the tie-breaker in all instances where the parties are unable to come to a joint decision, or disagree on all issues relating to the children, including but not limited to the health, education, religious development of the children.

D.    Petitioner requests that the terms and conditions for access to or possession of the children be modified to provide as follows:

1.    Equal Possession – Petitioner shall have equal possession of the children all year, including but not limited to each month during the regular school term and during summer possession.

AMENDED PETITION TO MODIFY PARENT-CHILD RELATIONSHIP · Page 4

**EXHIBIT 1A**

2. Child's Birthday - If a parent is not otherwise entitled to present possession of the child on the child's birthday during the period of 6:00 p.m. and ending at 8:00 p.m., that parent shall have possession of the child, along with the child's sibling, beginning at 6:00 p.m. and ending at 8:00 p.m. on that day, provided that that parent picks up the child from the other parent's residence and returns the child to that same place.

3. Parent's Birthday - If a parent is not otherwise entitled to present possession of the child on the parent's birthday during the period of 6:00 p.m. and ending at 8:00 p.m., that parent shall have possession of the child, along with the child's sibling, beginning at 6:00 p.m. and ending at 8:00 p.m. on that day, provided that that parent picks up the child from the other parent's residence and returns the child to that same place.

4. Right of First Refusal - If, Respondent, during a period of possession of the children by Respondent, is unavailable for the children's activities including, but not limited to, after school care and transportation of the children to and attendance at the children's activities, Petitioner shall have the first right to have

AMENDED PETITION TO MODIFY PARENT-CHILD RELATIONSHIP - Page 5

EXHIBIT 1A

possession of the children in lieu of Respondent designating another competent adult for the care or activities.

5. Undesignated Periods of Possession – Petitioner requests the right of possession of the children at all other times not specifically designated in the prior Orders.

6. Sharing of Information - Petitioner requests that each conservator provide timely notice to the other conservator of the children's schedules, educational events, including report cards, evaluations, church, or other extracurricular events, which notice shall be facilitated through the use of Our Family Wizard (www.ourfamilywizard.com).

7. Educational and Savings Plans - Petitioner requests the right and duty to manage the educational 529 plan, savings plan, and other plans of the children.

E.    Petitioner requests the Court to appoint a parenting facilitator. There is good cause for appointment of a parenting facilitator in that this is a high-conflict case, and the appointment would be in the best interest of the children.

F.    The circumstances of the child or a person affected by the order have

AMENDED PETITION TO MODIFY PARENT-CHILD RELATIONSHIP - Page 6

EXHIBIT 1A

materially and substantially changed since the date of the rendition of the order to be modified, and the child support payment previously ordered should be decreased, or Petitioner should not be ordered to pay child support.

The support previously ordered is not in substantial compliance with the guidelines in chapter 154 of the Texas Family Code. Petitioner requests that any decrease be made retroactive to the date of the material and substantial change of Petitioner.

These amended requested modifications are in the best interest of the children.

8. **Request for Temporary Orders**

Petitioner requests the Court, after notice and hearing, to make temporary orders for the safety and welfare of the children, including but not limited to the following:

A. Appointing Petitioner the exclusive right to determine the primary residence of the children within Texas, or restricting the residence of the children to Collin County, Texas.

AMENDED PETITION TO MODIFY PARENT-CHILD RELATIONSHIP - Page 7

**EXHIBIT 1A**

B.    Granting Petitioner equal access and possession of the children as Petitioner all year, including but not limited to during the school year and summer possession periods.

C.    Granting Petitioner all educational, health and other rights and duties of the children.

D.    Permitting the Petitioner the right and duty to manage the educational 529 plan, savings plan, and other plans of the children with the Respondent.

E.    Appointing a parenting facilitator. There is good cause for appointment of a parenting facilitator in that this is a high-conflict case, and the appointment would be in the best interest of the children.

F.    Ordering the parties to participate in an alternative dispute resolution process before trial of this matter.

G.    Ordering a pretrial conference to simplify the issues in this case and determine the stipulations of the parties and for any other matters the Court deems appropriate.

AMENDED PETITION TO MODIFY PARENT-CHILD RELATIONSHIP - Page 8

EXHIBIT 1A

H.   Ordering a modification of child support paid by Petitioner since a material and substantial change in circumstances has occurred since the date of the order to be modified.

## 9.   *Request for Attorney's Fees, Expenses, Costs, and Interest*

It was necessary for Petitioner to secure the services of Christina I. Sookdeo with Sookdeo & Associates, PC, licensed attorney, to preserve and protect the children's rights. Respondent should be ordered to pay reasonable attorney's fees, expenses, and costs through trial and appeal, and a judgment should be rendered in favor of this attorney and against Respondent and be ordered paid directly to Petitioner's attorneys, who may enforce the judgment in the attorney's own name. Petitioner requests post-judgment interest as allowed by law.

## 10.   *Prayer*

Petitioner prays that citation and notice issue as required by law and that the Court enter its orders in accordance with the allegations contained in this petition.

Petitioner prays for attorney's fees, expenses, costs, and interest as requested above. Petitioner prays for general relief.

Respectfully submitted,

SOOKDEO & ASSOCIATES, PC

AMENDED PETITION TO MODIFY PARENT-CHILD RELATIONSHIP - Page 9

EXHIBIT 1A

_Christina Sookdeo_
Christina I. Sookdeo
Texas Bar No. 24028001

5700 Granite Parkway,
Suite 200
Plano, Texas 75024
214.387.6077 (Office)
214.432.6265 (Facsimile)
christina@sookdeo.com

Attorney for Petitioner, Nash Gonzales

AMENDED PETITION TO MODIFY PARENT-CHILD RELATIONSHIP - Page 10

EXHIBIT 1A

## COLLIN COUNTY STANDING ORDER REGARDING CHILDREN, PROPERTY AND CONDUCT OF THE PARTIES

No party to this lawsuit has requested this order. Rather, this order is a standing order of the Collin County District Courts that applies in every divorce suit and every suit affecting the parent-child relationship filed in Collin County. The District Courts of Collin County have adopted this order because the parties and their children should be protected and their property preserved while the lawsuit is pending before the court. Therefore it is ORDERED:

1. **NO DISRUPTION OF CHILDREN.** Both parties are ORDERED to refrain from doing the following acts concerning any children who are subjects of this case:

    1.1   Removing the children from the State of Texas, acting directly or in concert with others, without the written agreement of both parties or an order of this Court.

    1.2   Disrupting or withdrawing the children from the school or day-care facility where the children are presently enrolled, without the written agreement of both parents or an order of this Court.

1.3   Hiding or secreting the children from the other parent or changing the children's current place of abode, without the written agreement of both parents or an order of this Court.

    1.4   Disturbing the peace of the children.

    1.5   Making disparaging remarks about each other or the other person's family members, to include but not be limited to the child's grandparents, aunts, uncles, or stepparents.

    1.6   Discussing with the children, or with any other person in the presence of the children, any litigation related to the children or the other party.

    1.7   If this is an original divorce action, allowing anyone with whom the party is romantically involved, to remain over night in the home while in possession of the child. Overnight is defined from 10:00 p.m. until 7:00 a.m.

2. **CONDUCT OF THE PARTIES DURING THE CASE.** Both parties are ORDERED to refrain from doing the following acts:

    2.1   Using vulgar, profane, obscene, or indecent language, or a coarse or offensive manner to communicate with the other party, whether in person, by telephone, or in writing.

    2.2   Threatening the other party in person, by telephone, or in writing to take unlawful action against any person.

    2.3   Placing one or more telephone calls, at an unreasonable hour, in an offensive or

EXHIBIT 1A

repetitious manner, without a legitimate purpose of communication, or anonymously.

2.4    Opening or diverting mail addressed to the other party.

3. PRESERVATION OF PROPERTY AND USE OF FUNDS DURING DIVORCE CASE. If this is a divorce case, both parties to the marriage are ORDERED to refrain from doing the following acts:

3.1    Destroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of the property of one or both of the parties.

3.2    Misrepresenting or refusing to disclose to the other party or to the Court, on proper request, the existence, amount, or location of any property of one or both of the parties.

3.3    Damaging or destroying the tangible property of one or both of the parties, including any document that represents or embodies anything of value.

3.4    Tampering with the tangible property of one or both of the parties, including any document that represents or embodies anything of value, and causing pecuniary loss to the other party.

3.5    Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of either party, whether personal property or real estate property, and whether separate or community, except as specifically authorized by this order.

3.6    Incurring any indebtedness, other than legal expense in connection with this suit, except as specifically authorized by this order.

3.7    Making withdrawals from any checking or savings account in any financial institution for any purpose, except as specifically authorized by this order.

3.8    Spending any sum of cash in either party's possession or subject to either party's control for any purpose, except as specifically authorized by this order.

3.9    Withdrawing or borrowing in any manner for any purpose from any retirement, profit-sharing, pension, death, or other employee benefit plan or employee savings plan or from any individual retirement account or Keogh account, except as specifically authorized by this order.

3.10   Signing or endorsing the other party's name or any negotiable instrument, check, or draft, such as tax refunds, insurance payments, and dividends, or attempting to negotiate any negotiable instrument payable to the other party without the personal signature of the other party.

3.11   Taking any action to terminate or limit credit or charge cards in the name of the other party.

3.12   Entering, operating, or exercising control over the motor vehicle in the possession of the other party.

3.13   Discontinuing or altering the withholding for federal income taxes on wages or salary while this suit is pending.

3.14   Terminating or in any manner affecting the service of water, electricity, gas, telephone, cable television, or other contractual services, such as security, pest control, landscaping, or yard maintenance at the other party's residence or in any manner attempting to withdraw any deposits for service in connection with such

06/13/2015   15:17 PBM         (FAX)9147473355                    P.014/016

**EXHIBIT 1A**

services.

3.15 Intercepting or recording the other party's electronic communications.

**4. PERSONAL AND BUSINESS RECORDS IN DIVORCE CASE.** If this is a divorce case, both parties to the marriage are ORDERED to refrain from doing the following acts:

4.1 Concealing or destroying any family records, property records, financial records, business records or any records of income, debts, or other obligations.

4.2 Falsifying any writing or record relating to the property of either party.

4.3 "Records" include e-mail or other digital or electronic data, whether stored on a computer hard drive, diskette or other electronic storage device.

**5. INSURANCE IN DIVORCE CASE.** If this is a divorce case, both parties to the marriage are ORDERED to refrain from doing the following acts:

5.1 Withdrawing or borrowing in any manner all or any part of the cash surrender value of life insurance policies on the life of either party, except as specifically authorized by this order.

5.2 Changing or in any manner altering the beneficiary designation on any life insurance on the life of either party or the parties' children.

5.3 Canceling, altering, or in any manner affecting any casualty, automobile, or health insurance policies insuring the parties' property of persons including the parties' minor children.

**6. SPECIFIC AUTHORIZATIONS IN DIVORCE CASE.** If this is a divorce case, both parties to the marriage are specifically authorized to do the following:

6.1 To engage in acts reasonably and necessary to the conduct of that party's usual business and occupation.

6.2 To make expenditures and incur indebtedness for reasonable attorney's fees and expenses in connection with this suit.

6.3 To make expenditures and incur indebtedness for reasonable and necessary living expenses for food, clothing, shelter, transportation and medical care.

6.4 To make withdrawals from accounts in financial institutions only for the purposes authorized by this order.

**7. SERVICE AND APPLICATION OF THIS ORDER.**

7.1 The Petitioner shall attach a copy of this order to the original petition and to each copy of the petition. At the time the petition is filed, if the Petitioner has failed to attach a copy of this order to the petition and any copy of the petition, the Clerk shall ensure that a copy of this order is attached to the petition and every copy of the petition presented.

7.2 This order is effective upon the filing of the original petition and shall remain in full force and effect as a temporary restraining order for fourteen days after the date of the filing of the original petition. If no party contests this order by presenting evidence at a hearing on or before fourteen days after the date of the filing of the original petition, this order shall continue in full force and effect as a temporary injunction until further order of this court. This entire

06/13/2015  15:18 PM  (FAX)9147473355  P.015/016

**EXHIBIT 1A**

order will terminate and will no longer be effective when the court signs a final order or the case is dismissed.

8. **EFFECT OF OTHER COURT ORDERS.** If any part of this order is different from any part of a protective order that has already been entered or is later entered, the protective order provisions prevail. Any part of this order not changed by some later order remains in full force and effect until the court signs a final decree.

9. **PARTIES ENCOURAGED TO MEDIATE.** The parties are encouraged to settle their disputes amicably without court intervention. The parties are encouraged to use alternative dispute resolution methods, such as mediation, to resolve the conflicts that may arise in this lawsuit.

THIS COLLIN COUNTY STANDING ORDER REGARDING CHILDREN, PROPERTY AND CONDUCT OF THE PARTIES SHALL BECOME EFFECTIVE ON OCTOBER 14, 2013.

JUDGE ANGELA TUCKER
199th Judicial District Court

JUDGE JOHN ROACH, JR.
296th Judicial District Court

JUDGE BENJAMIN SMITH
380th Judicial District Court

JUDGE CHRIS OLDNER
416th Judicial District Court

JUDGE JILL WILLIS
420th Judicial District Court

JUDGE SCOTT BECKER
219th Judicial District Court

JUDGE RAY WHELESS
366th Judicial District Court

JUDGE MARK RUSCH
401st Judicial District Court

JUDGE CYNTHIA WHELESS
417th Judicial District Court

Page 4 of 4

06/13/2015   15:18 PBM   (FAX)9147473355   P.016/016

**EXHIBIT 1A**